

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. H. Cousins, Secretary
Texas State Board of Pharmacy
Insurance Building
Dallas, Texas

Dear Sir:

Opinion No. O-2449
Re: Whether minor whose dis-
abilities have been removed
may take examination for
license as registered phar-
macist.

     This will acknowledge receipt of your letter of
June 5, 1940, requesting the opinion of this department
upon the above stated question.   Your request reads in
part as follows:

     "On the twenty-eighth of last month, Mr.
Cousins wrote you asking for a ruling from
you or some member of your department regard-
ing the removal of disabilities for students
applying for examination by the board of
pharmacy, that is, whether or not the removal
of disabilities by court would permit students
under twenty-one years of age to take this
examination."

     Section 9 of Article 4542a, Vernon's Annotated
Civil Statutes, provides in part:

     "Sec. 9. Every applicant for license as
a registered Pharmacist shall be not less than
twenty-one years of age, of good moral character,
and a graduate of a school or college of phar-
macy recognized by the Board. Such applicant,
in addition to the time required to graduate
from school or college of pharmacy, and exclu-
sive of the portion of the year spent in attend-

ance at school or college, shall have had at least one year of practical experience in retail pharmacy under the direct supervision of a registered pharmacist, which experience shall be principally work directly related to selling drugs and poisons, compounding of pharmaceutical preparations and physicians' prescriptions, and keeping of records and making reports required under the State and Federal statutes; and to obtain a license shall pass a theoretical and practical examination satisfactory to the Board of Pharmacy . . ."

Your question is whether or not one over the age of nineteen and under twenty-one whose disabilities of minority have legally been removed in accordance with the provisions of Articles 5921-5923, Revised Civil Statutes, 1925, may take examination for registration as a licensed pharmacist notwithstanding the requirement that an applicant be not less than twenty-one years of age.

A similar question was before this department when we had for consideration Opinion No. O-1369. It appeared that Section 14 of Senate Bill No. 15, ch. 466, Acts 44th Leg. 2nd C. S., p. 1735, provided that "it shall be unlawful for any person who is under the age of twenty-one years to drive a motor vehicle while in use as a school bus for the transportation of pupils to and from school . . . " There we held that the Legislature intended such act as a safety measure for children riding school buses; that Articles 5921-5923, were enacted for the purpose of enabling a minor to transact his own business and make valid contracts. We pointed out that provisions for the removal of a minor's disabilities were not intended to effect measures enacted by the Legislature for the public safety.

For precisely the same reason we must hold and you are respectfully advised that the procedure set forth in Articles 5921-5923, providing for the removal of a minor's disabilities was not intended to supplant such re-

quirements as in Article 4542a, Vernon's Annotated Civil Statutes, that an applicant for license as a registered pharmacist be not less than twenty-one years of age. The manifest purpose of the Legislature in passing the Act regulating the practice of pharmacy in this state was to protect the public health. Texas Pharmaceutical Ass'n v. Dooley (C. C. A. 1936) 90 S. W. (2d) 328. In the interest of public safety it provided that applicants be not less than twenty-one years of age. That requirement is not met by minors although their disabilities of minority have been removed.

Accordingly, you are advised that applicants for license as registered pharmacist under the age of twenty-one should not be permitted by the Texas Board of Pharmacy to take examination although the disabilities of minority of such applicants have been removed.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch
Walter R. Koch
Assistant

By James D. Smullen
James D. Smullen

JDS:EP

APPROVED MARCH 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN